NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK WADE BEARUP, also named as: Patrick Bearup and Patrick W. Bearup,

Plaintiff-Appellant,

v.

RYAN THORNELL, Director of Prison System at Central Office - in his official capacity; DAVID SHINN, Director, in his individual capacity,

Defendants-Appellees.

No. 22-16886

D.C. No. 2:20-cv-02485-SPL-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 26, 2024[**]

Before: TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Arizona state prisoner Patrick Wade Bearup appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First Amendment and the Religious Land Use and Institutionalized Persons Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (cross-motions for summary judgment); *Rosebrock v. Mathis*, 745 F.3d 963, 970 n.8 (9th Cir. 2014) (mootness determination). We affirm.

The district court properly granted summary judgment on Bearup's First Amendment claim for damages on the basis of qualified immunity because Bearup failed to show that defendant Shinn violated any clearly established constitutional right by providing a kosher vegan meal plan rather than kosher meat and dairy. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009) ("A right is 'clearly established' when its contours are sufficiently defined, such that 'a reasonable official would understand that what he is doing violates that right.'" (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999))).

Contrary to Bearup's contentions, the district court properly denied injunctive relief because the prison voluntarily changed the allegedly infringing policy by implementing a new menu option that included kosher meat and dairy. *See Rosebrock*, 745 F.3d at 972 (setting forth factors for evaluating whether defendant's voluntary cessation of behavior has rendered a case moot).

We do not consider claims that Bearup failed to allege in his complaint.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (affirming summary judgment where the complaint did not give fair notice of the factual basis for a claim raised for the first time in opposition to summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bearup's motion for default judgment (Docket Entry No. 26) is denied.

**AFFIRMED.**